# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-0231V
### Filed: April 21, 2015

* * * * * * * * * * * * * * * * * * * * * * * * * *

JEAN L. BUCK,

              Petitioners,

    v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

              Respondent.

Statute of Limitations;
Untimely Filing; Influenza Vaccine;
Guillain Barre Syndrome ("GBS")
Special Processing Unit ("SPU")

* * * * * * * * * * * * * * * * * * * * * * * * * *

Carol Gallagher, Esq., Linwood, NJ, for petitioner.
Jennifer Reynaud, Esq., U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION[1]

**Vowell,** Chief Special Master:

On March 6, 2015, petitioner filed a claim for compensation pursuant to the National Vaccine Injury Compensation Program ["Vaccine Program" or "the Program"].[2] Petitioner alleges that she suffered Guillain Barre Syndrome ["GBS"] that was caused-in-fact by her influenza ["flu"] vaccination administered on November 26, 2010. Petition at ¶10. The case was assigned to the Special Processing Unit ["SPU"] of the Office of Special Masters.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program ["Vaccine Program" or "the Program"] is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. § 300aa-10 et seq. (2006) ["Vaccine Act" or "the Act"]. All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

A telephonic status conference was held on March 31, 2015. Carol Gallagher appeared on behalf of petitioner, and Jennifer Reynaud appeared on behalf of respondent.

Petitioner's counsel indicated that after discussions with respondent's counsel, and her own additional research, she has concluded that the Afluria vaccination petitioner received on November 26, 2010 is a trivalent influenza vaccination, and as such this claim filed on March 6, 2015 is outside the Vaccine's Act's statute of limitations. 42 U.S.C. § 300 aa-16(a)(2).[3] Petitioner's counsel indicated that petitioner does not intend to pursue her petition for compensation in this claim.

On April 1, 2015 I ordered petitioner to show cause why this case should not be dismissed as untimely filed by no later April 10, 2015. Petitioner did not respond to my Order.

Petitioner has the burden to show timely filing. Petitioner concedes this claim was not filed within "36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury" as required by the Vaccine Act. § 16(a)(2). **Thus, this claim is dismissed as untimely filed under the Vaccine Act's statute of limitations. The clerk is directed to enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] The Vaccine Act provides that in the case of:

> a vaccine set forth in the Vaccine Injury Table which is administered after October 1, 1988, if a vaccine-related injury occurred as a result of the administration of such vaccine, no petition may be filed for compensation under the Program for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury . . . .

§ 16(a)(2).